

# The Attorney General of Texas

December 11, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ben F. McDonald, Jr.
Executive Director
Texas Department of Community Affairs
Box 13166, Capitol Station
Austin, Texas 78711

Opinion No. H-1276

Re: Determination of authority of Texas Department of Community Affairs to administer the section 8 Housing Assistance Payments Program established by the Federal Housing and Community Development Act of 1974.

Dear Mr. McDonald:

You ask whether the Texas Department of Community Affairs has authority to administer the Housing Assistance Payments Program established by the Federal Housing and Community Development Act of 1974, 42 U.S.C. § 1437 et. seq. In order to be authorized to administer the federal program, the department must have statutory authority and a specific appropriation. Tex. Const. art. 3, § 44; Tex. Const. art. 8, § 6; Attorney General Opinion H-289 (1974). Our response is directed to the general authority of the department to administer this program, and we do not pass on specific contractual problems which might arise.

The powers and duties of the Department of Community Affairs are set forth in article 4413(201), V.T.C.S. Section thirteen states that the department has authority to

> apply for contract for, receive, and expend for its purposes any appropriations or grants from the State of Texas, the federal government, or any other source, public or private.

(Emphasis added). The purposes for which the department was created are stated in section one, which reads:

> The purpose of this Act is to create a Texas Department of Community Affairs to assist local governments in providing essential public services for their citizens and overcoming financial, social, and

> environmental problems; to assist the Governor and the Legislature in coordinating federal and State programs affecting local government; and to continually inform State officials and the public about the needs of local government.

Specifically, the department has been given authority to

> administer, as appropriate, State responsibilities for programs created under the Federal Economic Opportunity Act of 1964 and other federal acts creating economic opportunity programs.

V.T.C.S. art. 4413(201), § 4(12). Special assistance to certain low-income families to obtain decent housing is among the many programs administered under the Federal Economic Opportunity Act. 42 U.S.C. § 2809(a)(11). We believe, therefore, that these provisions grant the department authority to administer the Housing Assistance Payments Program, under which low-income families receive financial assistance in order to be able to obtain adequate housing.

The appropriation to the department necessary to administer the program is found in the General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. V, § 20, at 3155, which states in part:

> Federal Funds:  All funds received from the United States Government by state agencies and institutions named in this Act are hereby appropriated to such agencies for the purposes for which the federal grant, allocation, aid, payment or reimbursement was made. . . .

Since the money for the administration of the program will come from the federal government, we believe that the funds are properly appropriated under this provision. See Attorney General Opinion H-550 (1975).

We are informed that the department intends to contract with local governing units for the administration of much of the program. Such contracts are governed by the Interagency Cooperation Act, article 4413(32), V.T.C.S.  This act "encourages contractual arrangements between various arms of the state government to carry out its functions."  Attorney General Opinion H-289, supra; see V.T.C.S. art. 4413(32), § 3.

It has been suggested that sections 50 and 51 of article 3 of the Texas Constitution might prohibit expenditure of these funds.  These provisions require only that the expenditure of funds be made for a proper public purpose.  State v. City of Austin, 331 S.W.2d 737 (Tex. 1960); Attorney General Opinions H-289, supra; H-143 (1973); C-584 (1966); V-1067 (1950).  Assistance to low-income families so that they may obtain decent housing is a proper public purpose.  Davis v. City of Lubbock, 326 S.W.2d 699 (Tex. 1959); Housing Authority of Dallas v. Higginbotham,

143 S.W.2d 79 (Tex. 1940); V.T.C.S. art. 1269k, § 2.  See Letter Advisory No. 107 (1975).

S U M M A R Y

The Texas Department of Community Affairs has the authority to administer the Housing Assistance Payments Program established by the Federal Housing and Community Development Act of 1974.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn